**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                             :
                                                                  :     Chapter 11
BAUMANN & SONS BUSES, INC., et al.,                               :
                                                                  :     Case No. 20-72121 (REG)
                                                                  :
                                                                  :     (Jointly Administered)
                                                                  :
                            Debtors[1].                           :
-----------------------------------------------------------------x
BAUMANN & SONS BUSES, INC.,                                       :
                                                                  :
                                                                  :
                            Plaintiff,                            :
                                                                  :     Adv. Pro. No. 20-_____
         -against-                                                :
                                                                  :
YORKTOWN CENTRAL SCHOOL DISTRICT,                                 :
                                                                  :
                                                                  :
                                                                  :
                            Defendant.                            :
-----------------------------------------------------------------x

**COMPLAINT SEEKING THE RECOVERY OF BREACH OF CONTRACT**
**AND UNJUST ENRICHMENT DAMAGES OWED BY DEFENDANT**
**SCHOOL DISTRICT TO DEBTOR AND DISALLOWANCE OF CLAIMS**
**UNTIL ALL MONEY OWED TO THE DEBTOR IS RECOVERED**

Baumann & Sons Buses, Inc. ("Sons"), by and through its special counsel, Hamburger, Maxson, Yaffe & McNally, LLP, and general bankruptcy counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for its complaint (the "Complaint") herein against the Yorktown Central School District (the "School District"), alleges as follows:

---

[1] The "Debtors" in these cases, along with the last four digits of each of the Debtor's federal tax identification number are: Baumann & Sons Buses, Inc. (2109), ACME Bus Corp. (8937), ABA Transportation Holding Co., Inc. (4676), Brookset Bus Corp. (7908), and Baumann Bus Company, Inc. (9631).

**PRELIMINARY STATEMENT**

Sons and the School District entered into a binding written agreement, whereby Sons was to provide student transportation services for the School District during the 2019 – 2020 school year, commencing July 1, 2019 and ending June 30, 2020.

On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. On March 16, 2020, the Governor of the State of New York issued an executive order requiring that schools State-wide be closed and students be educated via distance learning, no later than March 18, 2020. On or about March 16, 2020, the School District suspended Sons' provision of transportation services, purportedly under the parties' agreement, without any further compensation paid to Sons. The parties' agreement did not provide the School District with the authority for such suspension without compensation. As a result of the School District's failure and refusal to make payment to Sons, and the similar failure and refusal of other school districts to make payment to Sons for the COVID-19 State-wide closure period during the 2019-2020 school year, Sons was unable to meet its on-going financial obligations, and was forced into bankruptcy.

By this Complaint, Sons seeks a judgment against the School District for (i) the balance of their 2019–2020 contract for transportation services, ending on June 30, 2020 and (ii) services duly provided by Sons to the School District prior to March 16, 2020, which remain unpaid. These damages are property of Sons' bankruptcy estate. In addition, Sons seeks the disallowance of any claims asserted by the School District against Sons' bankruptcy estate until all monetary damages asserted herein are paid to Sons pursuant to section 502(d) of the Bankruptcy Code.

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. On May 27, 2020, A&A Auto Glass Plus, Mondial Automotive, Inc., Jenthony Enterprises, Inc., Nesco Bus Maintenance, Bevel Engine Inc. and Bangs Towing filed an involuntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against Sons in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or the "Court") [Docket No. 1].[2]

2. On June 18, 2020, the Court entered an order for relief under chapter 7 of the Bankruptcy Code [Docket No. 20].

3. On June 25, 2020, Sons filed a motion pursuant to Section 706(a) of the Bankruptcy Code and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking an order converting Sons' chapter 7 case to a case under chapter 11 of the Bankruptcy Code [Docket No. 35], and on July 1, 2020 (the "Conversion Date"), that motion was granted by order of the Court [Docket No. 50].

4. Since the Conversion Date, Sons has continued, and still continues, to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 27, 2020, the United States Trustee appointed the Official Committee of Unsecured Creditors in the Debtors' cases (the "Committee") comprised of School Bus Parts Company, Nesco Bus Maintenance Inc., The Hanover Insurance Co., A&A Auto Glass Plus and Sarad Marketing Inc. On August 12, 2020 the Committee selected Silverman Acampora LLP as its general bankruptcy counsel.

6. The Debtors cases are being jointly administered pursuant to the *Order*

---

[2] "Docket No." shall refer to the documents filed in the Sons bankruptcy case, Case No. 20-72121.

*Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* and *Second Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* under the lead case of Baumann & Sons Buses, Inc., Case No. 20-72121 (REG).

7. On August 13, 2020, the Court entered an order authorizing the retention of Hamburger, Maxson, Yaffe & McNally, LLP as special counsel to the Debtors.

8. Also on August 13, 2020, the Court entered an order authorizing the retention of Klestadt Winters Jureller Southard & Stevens, LLP as general bankruptcy counsel to the Debtors.

9. On September 16, 2020, the Court entered an order establishing February 1, 2021 as the deadline by which governmental units (as defined in section 101(27) of the Bankruptcy Code) must file a proof of claim by.

10. Sons brings this proceeding to recover breach of contract and unjust enrichment damages against the School District for the benefit of its bankruptcy estate and to disallow any claim brought by the School District against the Sons' bankruptcy estate, unless and until the School District returns the full amount determined to be owed to Sons' bankruptcy estate.

## **JURISDICTION**

11. This adversary proceeding relates to the bankruptcy case of *In re Baumann & Sons Buses, Inc.,* Case No. 20-72121 (Bankr. E.D.N.Y. May 27, 2020) which case is jointly administered with the other Debtors' cases under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York before the Honorable Robert E. Grossman, United States Bankruptcy Judge.

12. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012. This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

13. Sons consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BASIS FOR RELIEF

15. This adversary proceeding is brought pursuant to 11 U.S.C. § 502(d) and common law claims of, *inter alia*, breach of contract and unjust enrichment.

## PARTIES

16. Sons is a corporation formed and existing under the laws of the State of New York. Sons' headquarters is located at 3355 Veterans Memorial Highway, Ronkonkoma, New York 11779.

17. The School District is a municipal subdivision of the sovereign State of New York organized and doing business under the New York State Education Law, having a principal place of business at 2725 Crompond Road, Yorktown Heights, NY 10598.

## FIRST CAUSE OF ACTION
### Breach of Contract – COVID Closure Period

18. Sons repeats and realleges the allegations in the paragraphs above as if fully

set forth herein.

19. Sons was contracted to provide student transportation services to the School District for the 2019 – 2020 school year, beginning on July 1, 2019 and ending on June 30, 2020.

20. These transportation services were provided pursuant to a written transportation contract awarded to Sons for the 2019 – 2020 school year (the "Agreement").

21. On or about March 16, 2020, in response to the COVID-19 pandemic, the Governor of the State of New York (the "Governor") issued Executive Order 202.4 which, *inter alia*, directed every school in the State of New York to close for a period of two weeks.

22. Subsequent emergency orders issued by the Governor extended the period of school closure through the end of the 2019-2020 school year (the "COVID Closure Period").

23. On or about March 16, 2020, the School District notified Sons to suspend its performance of all student transportation services.

24. At such time as Sons was directed not to transport students of the School District, Sons was ready, willing and able to continue to provide school bus transportation pursuant to the Agreement.

25. Despite being instructed not to transport students by the School District, Sons continued to provide contractually required services to the School District including, but not limited to, maintenance of the vehicles and yard, compliance with NYS Department of Transportation ("DOT") 19-A certification requirements, personnel requirements, safety requirements, insurance requirements, and all of its obligations for overhead costs such as utilities, taxes, financing costs, and professional fees in order to assure that Sons maintained its infrastructure and labor force as a viable operating entity that was ready to resume

providing school bus transportation immediately when allowed by the Governor and requested by the School District.

26. With respect to drivers and matrons alone, before school buses can renew school bus runs, Sons is responsible to see that these employees complete their Article 19-A medical examination report, DOT physicals, 19-A road tests, blood pressure/diabetes follow-ups, pass physical performance testing, annual and monthly abstracts, CPR and first aid certification, county background checks and other courses regulated by the NYS Education Department.

27. With respect to maintaining the vehicle fleet in a roadworthy condition of compliance, Sons must assure that its mechanics maintain the vehicles in accordance with detailed DOT requirements so that the vehicle can receive a passed inspection sticker from the NYS Department of Transportation at inspections that occur at a minimum of two times per year.

28. At such time as Sons was directed not to transport students of the School District, Sons stood ready to implement new COVID-19 safety protocols and procedures, if and when required by the State, to safely transport students to and from school when directed by the School District.

29. At such time as Sons was directed not to transport students of the School District, Sons duly performed its obligations under the Agreement.

30. The Agreement was for the entire school year, was tied to the school calendar, and contained no provision that authorized the School District to suspend all performance of Sons' student transportation services without compensation, irrespective of a State wide school closure caused by a pandemic or by the School District's direction to cease

transporting students based on the Governor's closure order.

31. Notwithstanding due demand therefor, the School District has not made any payments to Sons for contracted services for the COVID Closure Period.

32. The School District's failure and refusal to make any payments to Sons for contracted pupil transportation services for the COVID Closure Period is a breach of the Agreement.

33. Sons has been damaged by such breach in the amount of its expectancy damages, *i.e.*, the full Agreement price for the unpaid period less any savings achieved by Sons as a result of having mitigated its damages, plus interest from June 30, 2020.

34. On or about September 2, 2020, Sons duly presented to the Board of Education of the School District ("BOE") a notice of claim seeking damages that included damages for breach of the Agreement for contracted pupil transportation services, and the BOE has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment.

35. Based on the foregoing, Sons is entitled to a judgment against the School District in an amount not less than $2,634,004.10, plus interest and costs.

### SECOND CAUSE OF ACTION
**Unjust Enrichment**

36. Sons repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

37. On March 16, 2020, by Executive Order 202.4, the State of New York mandated a State-wide closure of schools from March 18, 2020 (if not already closed before that date), through April 1, 2020.

38. On March 27, 2020, by Executive Order 202.11, the State of New York

continued the State-wide school closure through April 15, 2020.

39. On April 7, 2020, by Executive Order 202.14, the State of New York continued the State-wide school closure through April 29, 2020.

40. On April 16, 2020, by Executive Order 202.18, the State of New York continued the State-wide school closure through May 15, 2020.

41. On May 7, 2020, by Executive Order 202.28, the State of New York ordered that all schools remain closed through the remainder of the school year.

42. On June 5, 2020, by Executive Order 202.37, the State of New York allowed in-person special education services and instruction for the summer term.

43. On June 6, 2020, by Executive Order 202.45, the State of New York continued its closure of all schools through the summer term, with the exception of special education services.

44. As is made clear, although schools were closed, Sons remained ready to immediately resume normal student transportation for the School District until it was required to cease all operations.

45. Sons incurred substantial costs to remain ready to re-commence transportation.

46. The School District failed and refused to make any payments to Sons with respect to the substantial costs so incurred for the benefit of the School District, notwithstanding that the School District budgeted and raised the funds required to pay Sons for such services.

47. The School District knowingly received the benefit of Sons' efforts and was enriched as a result.

48. Further, section 18006 of the CARES Act, titled "Continued Payment to Employees," states that "[a] local education agency, State, institution of higher education, or other entity that receives funds under the 'Educational Stabilization Fund', shall to the greatest extent practicable, continue to pay its employees *and contractors* during the period of any disruptions or closures related to coronavirus" (emphasis added).

49. According to data compiled by the New York State Education Department, the School District received $122,147.00 in total CARES Act grants.

50. Because the School District's transportation budget for the 2019-2020 school year was fully funded, and because the School District received CARES Act grants, it was and is completely "practicable" for the District to pay Sons for contracted transportation services, as invoiced by Sons, for the COVID Closure Period.

51. It is against equity and good conscience to permit the School District to refuse payment to Sons altogether.

52. As a result, Sons has been damaged in an amount to be determined at trial.

53. Based on the foregoing, Sons is entitled to a judgment against the School District in an amount not less than $2,634,004.10, plus interest and costs.

**THIRD CAUSE OF ACTION**
**Breach of Contract – Pre-COVID Closure Period**

54. Sons repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

55. In addition to non-payment for the COVID Closure Period, the School District has breached the parties' Agreement by failing to remit to Sons $689.42 for transportation services duly provided by Sons to the School District prior to the COVID Closure Period, from September 1, 2019 through March 13, 2020.

56. Despite due demand, that balance remains due and owing.

57. On or about September 2, 2020, Sons duly presented to the BOE a notice of claim seeking damages that included damages for their non-payment for pre-COVID Closure Period accruals for student transportation provided during the 2019 – 2020 school year, and the BOE has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment.

58. Based on the foregoing, Sons is entitled to a judgment against the School District in an amount not less than $689.42, plus interest and costs.

## FOURTH CAUSE OF ACTION
### Disallowance of Claims By School District – 11 U.S.C. § 502(d)

59. Sons repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

60. Pursuant to section 502(d) of the Bankruptcy Code, Sons is entitled to a judgment against the School District disallowing any claim brought by the School District unless and until the School District returns the full amount determined to be owed to Sons' bankruptcy estate.

[*Continued on Next Page*]

**WHEREFORE,** Sons requests judgment against the Yorktown Central School District as follows:

a. On the first and second cause of action, a judgment awarding Sons money damages in an amount not less than $2,634,004.10, to be determined at trial, plus interest and costs from June 30, 2020;

b. On the third cause of action, a judgment awarding Sons money damages in an amount not less than $689.42, to be determined at trial, plus interest and costs from June 30, 2020;

c. On the fourth cause of action, disallowing any claim brought by the School District unless and until the School District returns the full amount determined to be owed to Sons' bankruptcy estate; and

d. Such other relief as this Court deems just and proper.

Dated:      Melville, New York
            December 3, 2020

                            **HAMBURGER, MAXSON, YAFFE**
                            **& McNALLY, LLP**
                            *Special Counsel to Baumann & Sons Buses Inc.*

            By:     /s/ Andrew K. Martingale
                            Richard Hamburger, Esq.
                            Lane T. Maxson, Esq.
                            Andrew K. Martingale, Esq.
                    225 Broadhollow Road, Suite 301
                    Melville, New York 11747
                    631.694.2400
                    631.694.1376 (fax)

Dated: Garden City, New York
December 3, 2020

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
*Bankruptcy Counsel to Baumann & Sons Buses Inc.*

By: /s/ Sean C. Southard
Sean C. Southard, Esq.
Fred Stevens, Esq.
Lauren C. Kiss, Esq.
320 Old Country Road, Suite 203
Garden City, New York 11530
(212) 972-3000
ssouthard@klestadt.com
fstevens@klestadt.com
lkiss@klestadt.com