**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| **BAUMANN & SONS BUSES, INC. et al,** | Chapter 11 |
| Debtors | |
| | Case No. 20-72121(REG) |
| **BAUMANN & SONS BUSES, INC. et al,** | (Jointly Administered) |
| Plaintiff, | Adv. Pro. No. 8-20-08212(reg) |
| -against- | ANSWER AND COUNTERCLAIM |
| **YORKTOWN CENTRAL SCHOOL DISTRICT,** | |
| Defendant. | |

Defendant **YORKTOWN CENTRAL SCHOOL DISTRICT** (hereinafter referred to as "District"), by its attorneys, Shaw, Perelson, May & Lambert, LLP, as and for its Answer to the Complaint and Counterclaim, states:

1. Denies the allegations of the "Preliminary Statement" of the Complaint as not requiring any response.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations at paragraphs numbered 1-9, 11-14, 16, 26-28 and 45 of the Complaint.

3. Denies the allegations at paragraphs numbered 10, 15, 24, 25, 29, 30, 32-33, 35, 44, 47, 50-53, 55, 56, 58 and 60 of the Complaint.

4. Admits the allegations at paragraph numbered 17 and 31 of the Complaint.

5. As and for its answer to paragraphs numbered 18, 36, 54 and 59 of the Complaint, repeats its answers herein to the allegations of the Complaint set forth above in said paragraphs of the Complaint as if fully set forth herein.

6. Denies the allegations at paragraph numbered 19 of the Complaint, except admits that the District had a contract with Sons for the student transportation services to the District for the 2019-20 school year and respectfully refers the Court to the documents establishing that contract for their true and complete contents.

7. Denies the allegations at paragraph numbered 20 of the Complaint, except admits that transportation services were provided to the District for a portion of the 2019-2020 school year by Sons pursuant to the contract between the District and Sons.

8. Denies the allegations set forth in paragraphs numbered 21 and 37 of the Complaint, and for its answer to paragraphs numbered 21 and 37 refers the Court to Executive Order at 202.4 referred to therein for its true and complete contents.

9. Denies the allegations set forth in paragraph numbered 22 of the Complaint, and for its answer to paragraph numbered 22 refers the Court to Executive Order at 202.4 referred to therein for its true and complete contents.

10. Denies the allegations at paragraph numbered 23 of the Complaint, except admits that Sons was required to suspend its performance of all student transportation services for the District pursuant to, and as a consequence of, the aforesaid Executive Orders and emergency orders.

11. Denies the allegations at paragraphs numbered 34 and 57 of the Complaint, except admits that Sons served a "Notice of Claim" upon the District in or about September of 2020 and respectfully refers the Court to the contents of that

   "Notice of Claim for its true and complete contents, except admits that the District has made no payment to Sons in satisfaction of the demands made in the "Notice of Claim."

12. Denies the allegations set forth in paragraph numbered 38 of the Complaint, and for its answer to paragraph numbered 38 refers the Court to Executive Order at 202.11 referred to therein for its true and complete contents.

13. Denies the allegations set forth in paragraph numbered 39 of the Complaint, and for its answer to paragraph numbered 39 refers the Court to Executive Order at 202.14 referred to therein for its true and complete contents.

14. Denies the allegations set forth in paragraph numbered 40 of the Complaint, and for its answer to paragraph numbered 40 refers the Court to Executive Order at 202.18 referred to therein for its true and complete contents.

15. Denies the allegations set forth in paragraph numbered 41 of the Complaint, and for its answer to paragraph numbered 41 refers the Court to Executive Order at 202.28 referred to therein for its true and complete contents.

16. Denies the allegations set forth in paragraph numbered 42 of the Complaint, and for its answer to paragraph numbered 42 refers the Court to Executive Order at 202.37 referred to therein for its true and complete contents.

17. Denies the allegations set forth in paragraph numbered 43 of the Complaint, and for its answer to paragraph numbered 43 refers the Court to Executive Order at 202.45 referred to therein for its true and complete contents.

18. Denies the allegations at paragraph numbered 46 of the Complaint, except admits that the District has refused to make any payments to Sons under the terms of the

       contract other than for actual services provided to the District as per the terms of the contract between Sons and the District.

19. Denies the allegations set forth in paragraph numbered 48 of the Complaint and as and for its answer to paragraph numbered 48 of the Complaint, refers the Court to section 18006 of the CARES Act referred to therein for its true and complete contents.

20. Denies the allegations set forth in paragraph numbered 48 of the Complaint and as and for its answer to paragraph numbered 49 of the Complaint, refers the Court to the "data compiled by the New York State Education Department" referred to therein for its true and complete contents.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim as against the District

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims as set forth in the Complaint are barred, either in whole or part, by the statute of limitations

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF FOR CONVERSION AND AS AN OFFSET

1. Upon the termination of the contract between the Plaintiff and the Defendant, the Plaintiff was in possession of the following property of the Defendant: bus cameras, bus recorders, camera antennas, related wiring and installation hardware, router(s) and antennas that were housed in the Plaintiff's Front Street bus depot and mounted to the outside of that building, which Plaintiff was then obligated to return to the Defendant.

2. Despite due demand for the return of the property of the Defendant, the Plaintiff has failed and refused to return same and, absent such return, is indebted to the Defendant for the value of that property, which is valued at $108,125.00

WHEREFORE, the Defendant respectfully requests that the Court render an Order dismissing the Complaint, order the Plaintiff to return the Defendant's property or, alternatively, grant judgment to the Defendant as against the Plaintiff in the sum of $108,125.00 and grant the Defendant such other and further relief as the Court may deem just and proper.

Dated: Poughkeepsie, New York
January 4, 2021

SHAW, PERELSON, MAY & LAMBERT, LLP
Attorneys for Defendant

By:_____/S/_____
Mark C. Rushfield, Esq. (MCR0231)
Of Counsel to the Firm
21 Van Wagner Road
Poughkeepsie, New York 12603
845/486-4200
*mrushfield@shawperelson.com*